UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
CHARLES H. WILLIAMS,                )   No. C11-1049MJP
                                    )
                Plaintiff,          )
        v.                          )   ORDER
                                    )
CHRISTINE GREGOIRE, *et al.*,       )
                                    )
                Defendants.         )
_____ )

        This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed an "Affidavit of Prejudice" in the above-captioned matter. Dkt. # 18. The Honorable Marsha J. Pechman, Chief Judge, United States District Court, declined to recuse herself voluntarily. Dkt. # 21. This matter has been referred to the undersigned for review.

        Section 455 of title 28 of the United States Code governs the disqualification of a judge. It states in relevant part: **"**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).

Having reviewed the record, the undersigned finds that there is no evidence of bias or prejudice against plaintiff or in favor of defendants in this case. Plaintiff has not identified an extra-judicial source of prejudice, instead suggesting that a delay in ruling on defendants' motion to dismiss and a service error show "some unknown bias or prejudice which prohibits Plaintiff from receiving a fair trial or hearing." Plaintiff filed his motion to recuse on September 27, 2011, less than two weeks after defendants' motion to dismiss was ripe for consideration. Very few motions are decided on their note date: most require review, research, and writing that delay their resolution by days, weeks, or even months depending on how complicated the issues are. A two week delay is not unusual and does not suggest prejudice. Nor does the failure to mail a copy of a docket entry support a finding of prejudice: such ministerial errors, while unfortunate, do not suggest bias on the part of the presiding judicial officer.

Having reviewed plaintiff's motion and the records in this case, the Court finds that Chief Judge Pechman's impartiality cannot reasonably be questioned . There being no evidence of bias or prejudice, plaintiff's request to remove her from this matter is DENIED.

Dated this 25th day of October, 2011.

*[signature: M/s S Lasnik]*

Robert S. Lasnik
United States District Judge

ORDER       -2-