UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES H. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINE GREGOIRE, et al., <br><br> Defendants. | CASE NO. C11-1049 MJP <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 11.) Having reviewed the motion, Plaintiff's opposition brief (Dkt. No. 12), the reply (Dkt. No. 15), and all related papers, the Court GRANTS Defendants' motion and DISMISSES this matter.

**Background**

Plaintiff Charles Williams seeks damages and injunctive relief for conduct that he alleges violated his right to procedural due process in a dispute in front of the State's Board of Industrial Insurance Appeals ("BIIA"). Williams filed for and was denied a claim for lost compensation benefits with the Department of Labor and Industries ("L&I"). (See Compl. at 3.) Plaintiff appealed the denial. On June 17, 2008, Industrial Appeals Judge Michael Metzger found the

| | |
|---|---|
| 1 | director of L&I abused her discretion in denying benefits to Plaintiff. (Id.) On June 30, 2008, an |
| 2 | assistant Attorney General, Heather Leibowitz, filed a request for an extension to file a petition |
| 3 | for review of Judge Metzger's order. (Id.) According to Plaintiff, he did not find out about the |
| 4 | request for review until July 2, 2008, when he received a copy of an order from the BIIA |
| 5 | approving the extension. (Id.) Plaintiff claims that he did not receive a courtesy copy of the the |
| 6 | request, and that Leibowitz sent copies of her request to an incorrect address. (Id.) This is the |
| 7 | only instance in which he alleges he did not receive a courtesy copy. |
| 8 | Plaintiff filed several demands with the BIIA that the appeal be denied because a copy of |
| 9 | the request for extension was not sent to him. The BIIA denied his entreaties: "Although you |
| 10 | should have been provided a copy of the request, there is no provision that the request must be |
| 11 | denied due to the failure to provide you a copy." (Compl. at 4.) The BIIA ultimately granted the |
| 12 | state's petition for review. (Id.) Plaintiff appealed the decision to Skagit County Superior Court. |
| 13 | (Id.) Plaintiff failed to properly serve the Defendants and the court dismissed the appeal on |
| 14 | January 2, 2009 for lack of subject matter jurisdiction. |
| 15 | Plaintiff's theory of his case is that he would have prevailed on his L&I claim but for the |
| 16 | fact the BIIA "improperly" accepted the request for an extension to file the petition for review. |
| 17 | He has filed suit against: (1) Governor Gregoire, (2) Judy Schurke, the Director of the Dep't of |
| 18 | L&I, (3) Rob McKenna, the Attorney General of Washington, (4) Judge Michael E. Metzger, (5) |
| 19 | David E. Threedy, Executive Secretary of the BIIA, (6) Heather Leibowitz, Assistant Attorney |
| 20 | General (7) Washington Dep't of L&I, (8) Washington BIIA, and (9) Washington Attorney |
| 21 | General's Office. (Compl. at 1-2.) |

**Analysis**

A. <u>Standard</u>

1    On a motion to dismiss, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to Plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Rule 12(b)(1) permits a party to challenge the Court's subject matter jurisdiction, and to assert sovereign immunity under the Eleventh Amendment. Savage Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003). A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

B.   State Agencies

Defendants invoke the Eleventh Amendment as a basis for dismissal of the claims against the state agencies named in Plaintiff's complaint. The Court agrees.

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Suits brought under § 1983, such as Plaintiff's, can only be brought against "persons." 42 U.S.C. § 1983. Such suits cannot be brought against a governmental agency, because it is an arm of the state and not a "person" for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990). To determine whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name

or only in the name of the state, and the corporate status of the entity.'" Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (quoting Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988)). The first, and most important, factor is "whether a judgment against the defendant entity under the terms of the complaint would have to be satisfied out of the limited resources of the entity itself or whether the state treasury would also be legally pledged to satisfy the obligation." Durning v. Citibank, N.A., 950 F.2d 1419, 1424 (9th Cir. 1991). When analyzing the second factor, the court should construe "central governmental functions" broadly. See id. at 1426.

The claims against the Attorney General's office, the BIIA, and the Department of L&I must be dismissed. The parties do not dispute that each agency is an arm of the state. As such, they cannot be sued under § 1983. See Howlett, 496 U.S. at 365. The Court therefore DISMISSES the claims against these three agencies and GRANTS Defendants' motion on this issue.

C.  State Officials

Defendants seek dismissal of the claims against all the named state officials on the theory that they have been improperly sued in their official capacities, not their personal capacities. Only the claims against the Governor, the Attorney General, and the Director of the Department of L&I are properly dismissed on this ground.

The Eleventh Amendment bars claims for damages against state officials sued in their official capacity. See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). This is because state officials sued in their official capacity for damages are not "persons" for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of

§ 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Stated differently, the doctrine of Ex Parte Young, 209 U.S. 123 (1908) does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997).

"In determining whether a suit is an individual—or official—capacity suit, the court must consider the 'essential nature' of the proceeding." Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995) (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945)). The court must be mindful that the capacity in which the official acted when engaging in the alleged unconstitutional conduct does not determine the capacity in which the official is sued. See Hafer v. Melo, 502 U.S. 21, 26 (1991) (Official capacity "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."). Where the plaintiff is seeking damages against a state official, a strong presumption is created that the suit is against the individual in his personal capacity because a claim against them in his official capacity would be barred. See Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999).

Plaintiff's complaint and opposition brief fail to explain how the Governor, Attorney General, and Director of the Department of L&I are liable for damages or injunctive relief. The complaint itself makes no mention of any of these parties except in naming them as parties. At best, they appear to be named as liable parties based on the theory of respondeat superior. This is not a proper basis on which to sue a state official under § 1983 for money damages. Iqbal v. Ashcroft, 129 S. Ct. 1937, 1949 (2009). The Court finds no basis on which to conclude these individuals were sued in their personal capacity. The Court instead finds them to be sued in their official capacity, and all claims for damages against them are barred by the Eleventh

1 Amendment. Plaintiff's request for prospective relief against them is equally flawed. The

2 complaint fails to assert any claims against these officials sufficient to state a claim on which

3 relief may be granted. <u>Id.</u> The requests for injunctive relief are dismissed pursuant to Rule

4 12(b)(6). All of the claims against these officials are DISMISSED and the motion on this issue

5 GRANTED.

6 D. <u>Judicial Immunity</u>

7 Defendants seek dismissal of the claims against Judge Metzger and David Threedy on the

8 basis of judicial immunity. The Court agrees.

9 "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C.

10 § 1983 not only to judges but also to officers whose functions bear a close association to the

11 judicial process." <u>Demoran v. Witt</u>, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those

12 performing judge-like functions are absolutely immune from damage liability for acts performed

13 in their official capacities." <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

14 While judicial immunity for state defendants does not extend to actions for prospective

15 injunctive relief, see <u>Mireles v. Waco</u>, 502 U.S. 9, 10 n.1 (1991) (per curiam), Congress

16 amended § 1983 to prohibit the grant of injunctive relief against any judicial officer acting in her

17 or his official capacity "unless a declaratory decree was violated or declaratory relief was

18 unavailable," 42 U.S.C. § 1983.

19 The claims for damages and injunctive relief against Judge Metzger and Mr. Threedy

20 cannot proceed because they enjoy judicial immunity. The rules set out above make clear that

21 Judge Metzger cannot be sued for damages or injunctive relief. The same is true as to the claims

22 against Mr. Threedy. He is entitled to absolute immunity in his role as the Executive Secretary

23 of the BIIA. "Court clerks have absolute quasi-judicial immunity from damages for civil rights

24

1  violations when they perform tasks that are an integral part of the judicial process." <u>Mullis v.</u>

2  <u>U.S. Bankruptcy Court for Dist. of Nev.</u>, 828 F.2d 1385, 1390 (9th Cir. 1987). As executive

3  secretary of the BIIA, Mr. Threedy performs functions that are integral to the BIIA. The claims

4  against him must be dismissed. In addition, the complaint fails to identify any acts undertaken

5  by Mr. Threedy and therefore fails to state a claim against him. The Court DISMISSES the

6  claims against Judge Metzger pursuant to Rule 12(b)(1) and the claims against Threedy pursuant

7  to Rules 12(b)(1) and 12(b)(6). The Court GRANTS the motion on this issue.

8  E.     <u>Qualified Immunity</u>

9       Defendants properly invoke qualified immunity as the basis for dismissal of the claims

10 against Assistant Attorney General Leibowitz.

11      "[G]overnment officials performing discretionary functions [are entitled to] a qualified

12 immunity, shielding them from civil damages liability as long as their actions could reasonably

13 have been thought consistent with the rights they are alleged to have violated." <u>Anderson v.</u>

14 <u>Creighton</u>, 483 U.S. 635, 638 (1987) (citations omitted). The Supreme Court has set forth a two-

15 part analysis for resolving government officials' qualified immunity claims. <u>See</u> <u>Saucier v. Katz</u>,

16 533 U.S. 194, 201 (2001), <u>overruled in part on other grounds by</u> <u>Pearson v. Callahan</u>, 555 U.S.

17 223, 236 (2009) (holding that the two-step inquiry may be performed in any order). First, the

18 court must consider whether the facts "[t]aken in the light most favorable to the party asserting

19 the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" <u>Saucier</u>,

20 533 U.S. at 201. Second, the court must determine whether the right was clearly established at

21 the time of the alleged violation. <u>Id.</u> Qualified immunity is only an immunity from suit for

22 damages, it is not an immunity from suit for declaratory or injunctive relief. <u>See</u> <u>L.A. Police</u>

23 <u>Protective League v. Gates</u>, 995 F.2d 1469, 1472 (9th Cir. 1993). As a matter of pleading, an

24

allegation of mere negligence will not suffice to state a claim under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." (emphasis in original))

Heather Leibowitz is entitled to qualified immunity for claims of damages, and Plaintiff has failed to state a claim for injunctive relief against her. Plaintiff alleges that Leibowitz failed to mail him a copy of her request for an extension to file a petition for review. This was perhaps a violation of Superior Court Rule CR 5, but Plaintiff has failed to show how this acted to deny him procedural due process. Plaintiff was permitted to challenge the BIIA's approval of the extension, which the BIIA considered and rejected. Leibowitz's request itself sought only discretionary procedural relief unrelated to the merits of Plaintiff's appeal, and there is no showing that the failure to send a copy of the request denied Plaintiff due process. Plaintiff has not shown a violation of a constitutional right, and qualified immunity bars the claims for damages against Leibowitz. The claim for injunctive relief against Leibowitz fails as a matter of law because Plaintiff's complaint shows that Leibowitz acted at best negligently. His complaint states that the request Leibowitz filed was the only document for which he did not receive a a courtesy copy. Her oversight in not sending a courtesy copy is not sufficient to show the violation of a clearly established constitutional right. See Daniels, 474 U.S. at 328. It shows only mere negligence, which is not actionable under § 1983. The Court DISMISSES the claims against Leibowitz and GRANTS the motion on this issue.

**Conclusion**

Plaintiff's claims are barred by the Eleventh Amendment, judicial immunity, and qualified immunity. He has failed to satisfy Rule 12(b)(6) as to those claims for injunctive relief

that are not barred by the various asserted forms of immunity. The complaint cannot go forward. The Court GRANTS Defendants' motion in full and DISMISSES the action with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 9th day of November, 2011.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge